**578**

UNITED STATES of America, Plaintiff,

v.

Michael J. FORTIER, Defendant.

No. CR 95–111–VB.

United states District Court,
W.D. Oklahoma.

March 13, 1998.

Michael G. McGuire, Attorney at Law, Tulsa, OK, for defendant.

Sean Connelly, Washington, DC, for plaintiff.

### *MEMORANDUM AND ORDER*

VAN BEBBER, District Judge.

The defendant, Michael Fortier, through counsel, has filed a motion to change venue for sentencing. For the reasons explained in this memorandum and order, the motion is denied.

Defendant has pleaded guilty to all counts of a four-count indictment charging him with (1) conspiracy to transport stolen firearms in interstate commerce in violation of 18 U.S.C. § 371; (2) transportation of stolen firearms in interstate commerce in violation of is U.S.C. §§ 922(i) and 924(a)(2); (3) making a materially false statement to agents of the FBI in violation of is U.S.C. § 1001; and (4) misprision of a felony in violation of 18 U.S.C. § 4.

For purposes of this order it is not necessary to set out the detailed facts of the case. The offenses to which the defendant has pleaded guilty are connected to the bombing of the Murrah Federal Building in Oklahoma city, Oklahoma on April 19, 1995. Defendant was indicted and entered his pleas of guilty on August 10, 1995, and has been detained in custody since that time awaiting sentencing.

Defendant seeks a change of the venue for his sentencing to some unspecified venue outside the Western District of Oklahoma. In the brief submitted in support of his motion he asserts two bases for the requested change of venue. He first contends that Fed.R.Crim.P. 21(b) permits such a change for sentencing and argues that under the

rule the transfer should be made. His second contention is that he has a due process right under the Fifth Amendment to the United States Constitution to be sentenced in a district other than the Western District of Oklahoma.

### Defendant's Fed.R.Crim.P. 21(b) Argument.

█ The court will first address the Fed.R.Civ.P. 21(b) argument. Rule 21 is titled "Transfer From the District for Trial." Subsection (a) of the rule applies to transfers for prejudice, and is clearly limited to situations where there is "so great a prejudice against the defendant that the defendant cannot obtain a fair and impartial trial at any place fixed by law for holding court in that district." Subsection (b) applies to transfers of "the proceeding" for the convenience of parties and witnesses, "and in the interest of justice."

The government, in its response to the motion, contends that the Western District of Oklahoma is as convenient a forum as any for the parties, and that the interest of justice favors that district. The court agrees.

There is a substantial question as to whether or not Rule 21(b) applies at all to the sentencing phase of a criminal prosecution. The court need not decide the issue. Even if we assume that Rule 21(b) authorizes a change of venue for sentencing, the defendant has not satisfied the court that a transfer should be made. "The decision whether to grant a motion for change of venue rests largely in the sound discretion of the trial judge." *United States v. Calabrese*, 645 F.2d 1379, 1394 (10th Cir.1981).

Defendant unpersuasively argues that venue should be changed on convenience grounds. Specifically, he argues that neither he nor the Assistant United States Attorneys prosecuting the case are currently in the Western District of Oklahoma. This argument is rejected. The United States opposes changing the current venue. Although the defendant is presently detained in custody outside the Western District of Oklahoma, the court has no reason to think that the government will not deliver him there in a timely fashion. The defendant has not identified any witnesses whom he intends to offer at sentencing, and the government states that it does not intend to call any. The court concludes that Oklahoma City is as convenient a forum for sentencing as any other.

Closely related to the convenience issue is the right of victims of the Oklahoma City bombing to be present at sentencing. The Victims' Rights and Restitution Act of 1990 provides that crime victims have "[t]he right to be present at all public court proceedings related to the offense." 42 U.S.C. § 10606(b)(4). It is obvious to the court that the convenience of victims will be best served by an Oklahoma City venue. Their concerns are closely related to the "interest of justice" prong of Rule 21(b) as well. The interest of justice ground in the rule as relied upon by the defendant presents essentially the same issue as his due process violation contention discussed in the next section of this order.

### Defendant's Due Process Argument.

█ Defendant argues that the forum must be changed because he cannot receive an impartial sentence in the Western District of Oklahoma, and that this violates his right to due process of law (presumably substantive) as guaranteed by the Fifth Amendment to the Constitution. According to defendant, his motion is "set forth on the belief that no human being, judge or otherwise, can effectively, impartially, and without bias, pronounce sentence upon Michael Fortier while seated in the heart of the event which has profoundly touched so many lives." (Pl. Mot. to Change Venue at 29). Defendant claims that it "shocks the conscience" to "sentence him in the heart of prejudice and bias." (Pl. Mot. to Change Venue at 30). The court rejects this argument.

To suggest that conducting the sentencing proceeding in the Western District of Oklahoma shocks the conscience is ludicrous. The defendant seems to be unable to accept the fact that it will be this court, and not the public, crime victims, or news media, who will impose the sentence. This judge is not like a piece of blotter paper who will "soak up" bias and prejudice against the defendant, whatever it may be in Oklahoma City. I have been appointed as a part of the independent federal judiciary under the Constitution, and as

such am able to resist any bias and prejudice to which public officials in Oklahoma City are suggested by defendant to be subject. This is so despite the fact that relatives of victims of the bombing may hold press conferences and are the subject of media coverage. There is no claim here that the court is biased or prejudiced against the defendant. The court is confident that it can and will impose the same sentence on Michael Fortier in the Western District of Oklahoma as it would in any location or venue where it might sit. I conclude that there is no due process violation.

**IT IS, THEREFORE, BY THE COURT ORDERED,** that the Motion to Change Venue for Sentencing of Defendant is denied.

BY THE COURT IT IS SO ORDERED.